### UNITED STATES v. CHIN MUN.

(District Court, D. Maine. July 27, 1915.)

No. 61.

ALIENS ⬅️32—DEPORTATION—EVIDENCE.

 In deportation proceedings against a Chinese person on the ground that he was a Chinese subject, evidence *held* sufficient to sustain the burden of proof resting on him to show that he was native-born.

 [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬅️32.]

Chin Mun was ordered to be deported under the Chinese Exclusion Acts (Act Sept. 13, 1888, c. 1015, 25 Stat. 476, and Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1913, §§ 4315–4323]), and he appeals. Order reversed.

John B. Kehoe and Samuel L. Bates, both of Portland, Me., for appellant.

John F. A. Merrill, U. S. Dist. Atty., and Arthur Chapman, Asst. U. S. Dist. Atty., both of Portland, Me.

HALE, District Judge. This case comes before me upon appeal from the order of United States Commissioner Bradley, who found and adjudged that Chin Mun is a Chinese person and a subject of no other country than China. The commissioner accordingly ordered that Chin Mun be removed from the United States to the republic of China. From this order of deportation an appeal has been taken to this court. Pursuant to the holding of the Supreme Court in the case of Liu Hop Foug, 209 U. S. 453, 28 Sup. Ct. 576, 52 L. Ed. 888, there has been a trial de novo.

The appellant swears he is 21 years old, and was born at Garden Alley, San Francisco; that he lived in San Francisco 12 years, and then came to New York, where he lived 2 years; from New York he came to Portland, and lived here about 3 years; he then went to Waterville and lived a year; from Waterville he went to Lewiston, where he has lived until the present time. He has been given a rigid cross-examination. While some inconsistencies appear in his testimony, I think they are not sufficient to materially affect it. The appellant was first interviewed by a United States inspector; while his statements now are not absolutely the same as those he made before the inspector, they are not markedly inconsistent with those statements. The same inconsistencies do not appear which often appear in reference to such statements. The appellant is corroborated by Chin Tong You, who has lived in Portland 8 years; he testifies he knew Chin Mun's father

and mother in San Francisco; that he knew his father in China, at Si Kong village in the Sun Ning district. He says he knew the boy three days after he was born, while he himself was working for the boy's father. The appellant is a man of unusually good appearance; he has lived many years in Lewiston, and has borne a good character. From his testimony I am satisfied of the truthfulness of his statement. It is held in the case of Lee Yuen Sue v. U. S., 146 Fed. 670, 77 C. C. A. 96, that in proceedings for the deportation of a Chinaman, where he claims to be native-born, the burden of such fact is upon him. In the case before me, I think the appellant has met this burden; by a fair preponderance of the evidence he has induced the conviction in my mind that he is a native-born citizen.

The order of deportation is reversed.